UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| URSULA LANDOR, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | No. 3:12-cv-4268-M |
| STATE FARM LLOYDS and | § | |
| TIM LINDSEY, | § | |
| | § | |
| | § | |
| Defendants. | | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Motion to Remand [Docket Entry #6], filed by Plaintiff Ursula Landor ("Landor"). For the reasons set forth below, the Motion is **GRANTED**, and the case is **REMANDED** to the 298th Judicial District of Dallas County, Texas.

I.   FACTUAL AND PROCEDURAL BACKGROUND

This action concerns a dispute over the Defendants' handling of an insurance claim filed by Landor for property damage to her home. On September 12, 2012, Plaintiff, a citizen of Texas, filed a civil action in Texas state court against State Farm Lloyds ("State Farm"), a citizen of Illinois, Florida, and Pennsylvania,[1] and the insurance adjuster assigned to her claim, Tim Lindsey ("Lindsey"), a citizen of Texas. In her Complaint, Plaintiff alleges that State Farm and Lindsey failed to properly adjust her insurance claim and to compensate her for the full value of

---

[1] State Farm is a "Lloyd's Plan" organized under Chapter 941 of the Texas Insurance Code. It consists of an association of underwriters, each of whom, at the time this civil action was commenced, were, and still are, citizens of the states of Illinois, Florida and Pennsylvania, making State Farm a citizen of the states of Illinois, Florida, and Pennsylvania for diversity purposes. *Massey v. State Farm Lloyds Ins. Co.*, 993 F. Supp. 568, 570 (S.D. Tex. 1998) ("In this case, therefore, the citizenship of State Farm Lloyds must be determined solely by the citizenship of its members, or underwriters.")

damage to her property during a wind and hail storm on May 24, 2011. Plaintiff alleges the following causes of action against Lindsey: violations of sections 541 and 542 of the Texas Insurance Code and the Deceptive Trade Practices Act, breach of the duty of good faith and fair dealing, fraud, negligence and gross negligence, and negligent misrepresentation.

On October 22, 2012, State Farm removed this case, claiming federal diversity jurisdiction. State Farm alleges there is complete diversity, despite the fact that Lindsey is a citizen of Texas, contending that Lindsey was improperly joined, and that his citizenship should therefore be disregarded. On November 19, 2012, Plaintiff moved to remand, arguing that Plaintiff properly joined Lindsey as a Defendant, and that because there is not complete diversity among the Defendants, remand is required. The issue before the Court is whether Lindsey, a Texas citizen, was properly joined in the lawsuit. If he was, the Court lacks jurisdiction.

## II.   LEGAL STANDARD

To establish that a non-diverse defendant has been improperly joined for the purpose of defeating diversity jurisdiction, the removing party must prove either that: (1) there has been actual fraud in the pleading of jurisdictional facts or (2) that there is no reasonable basis to predict that the plaintiff will be able to establish a cause of action against the non-diverse defendant in state court. *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc). "The burden of persuasion on those who claim [improper] joinder is a heavy one." *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003) (internal citations omitted).

To demonstrate improper joinder on the second basis, "the court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Smallwood*, 385 F.3d at 573. The court may also conduct a summary judgment-like inquiry "to identify the

presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Id.* at 573–74. In making this legal determination, the court should resolve any contested issues of material fact, and any ambiguity or uncertainty in the controlling state law, in the plaintiff's favor. *See Manguno v. Prudential Prop. & Cas. Ins.*, 276 F.3d 720, 723 (5th Cir. 2002). *See also Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999).

Where, as here, the court's inquiry focuses on plaintiff's ability to establish a cause of action against a non-diverse defendant, the court must also determine whether to apply federal or state pleading standards. The Fifth Circuit has not provided definitive guidance on this issue, nor have the courts in this district taken a uniform position. *See Yeldell v. GeoVera Specialty Ins. Co.*, No. 3:12-CV-1908-M, 2012 WL 5451822, at *4–5 (N.D. Tex. Nov. 8, 2012) (Lynn, J.) (comparing cases analyzing this issue from the Northern District of Texas). This Court has recently determined that the better reasoned approach is to apply the state court pleading standard. *See id.*

Texas follows a "fair notice" pleading standard, which looks to "whether the opposing party can ascertain from the pleading the nature and basic issues of the controversy and what testimony will be relevant." *SFTF Holdings, LLC v. Bank of Am.*, No. 3:10-cv-0509-G, 2011 WL 1103023 (N.D. Tex. Mar. 22, 2011) (Fish, J.) (quoting *Horizon/CMS Healthcare Corporation v. Auld*, 34 S.W.3d 887, 896 (Tex. 2000)). A pleading can contain legal conclusions as long as fair notice to the opponent is given by the allegations as a whole. *See* Tex. R. Civ. P. 45(b). A petition is to be liberally construed in favor of the pleader. *Starcrest Trust v. Berry*, 926 S.W.2d 343, 349 (Tex. App.—Austin 1996, no writ). Moreover, the court will look to the plaintiff's intent and uphold the pleading, even if the pleader has not specifically

alleged some element of a cause of action. *Torch Operating Co. v. Bartell*, 865 S.W.2d 552, 554 (Tex. App.—Corpus Christi 1993, writ denied).

## III.   ANALYSIS

To determine whether Plaintiff improperly joined Lindsey, the Court analyzes whether Plaintiff sufficiently pled a single cause of action against Lindsey under the Texas fair notice pleading standard. *See Smallwood*, 385 F.3d at 573. If State Farm fails to meet the "heavy" burden of establishing that Lindsey was joined improperly, the Court must remand the action to state court. *See id.*

Defendant concedes that it is possible to maintain a cause of action under the Texas Insurance Code against an insurance adjuster like Lindsey. *See, e.g.*, *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 282 (5th Cir. 2007) (holding that an insurance adjuster can be found liable under the Texas insurance code). Defendant argues, however, that there is no possibility of recovery against Lindsey based on the facts pleaded in Plaintiff's Complaint. State Farm also contends that Plaintiff's failure to promptly serve Lindsey further evidences that Lindsey was added only as a nominal Defendant in an attempt to defect diversity jurisdiction. *Id.*

In her Complaint, Plaintiff alleges the following factual allegations against Lindsey: (1) Lindsey, as the adjuster assigned to her claim, improperly adjusted her claim, by misrepresenting the cause of, scope of, and cost to repair the damage to Plaintiff's property, as well as the amount of insurance coverage for Plaintiff's claim/loss under Plaintiff's insurance policy; (2) Lindsey misrepresented to Plaintiff that the damage to the property was not covered under the policy; (3) Lindsey's misrepresentation caused State Farm to underpay Plaintiff on her insurance claim, which caused further damage to Plaintiff's property; (4) Lindsey provided negligent advice on how Plaintiff could repair her property; (5) Lindsey misrepresented that the

damage could be repaired for $1,779.95 while actual repairs exceeded $35,000.00; and (6) Lindsey did not inform Plaintiff of State Farm's decision regarding coverage in a reasonable time.

Taking Plaintiff's allegations as true, Lindsey's alleged misrepresentations could constitute a violation of section 541 of the Texas Insurance Code. *Liberty Mut. Ins. Co.*, 966 S.W.2d at 485–86. Under that provision, a person may not engage in a trade practice that is considered to be an unfair method of competition or an unfair or deceptive act or practice in the business of insurance. Tex. Ins. Code Ann. § 541.003 (Vernon 2012). Plaintiff alleges that Lindsey mishandled the claim by misrepresenting the policy coverage, failing to attempt a fair settlement, and failing to adjust Plaintiff's claim in a reasonable amount of time. The unfair and deceptive acts Plaintiff complains of are Lindsey's representations concerning the scope of Plaintiff's insurance policy, Lindsey's advice as to how Plaintiff should repair the property, and Lindsey's representation as to the money required to repair Plaintiff's damaged property. *See* Tex. Ins. Code Ann. § 541.003 (Vernon 2012). Plaintiff's allegations, if true, would create a reasonable possibility that Plaintiff could prevail on at least *one* of her claims against Lindsey under Texas law. *See Smallwood*, 385 F.3d at 573. In light of this conclusion, the Court need not analyze the viability of Plaintiff's other causes of action against Lindsey.

On the service question, although Plaintiff had not served Lindsey when she moved to remand, Plaintiff served Lindsey on February 13, 2013, within 120 days after removal. *See Hunt v. Smith*, 67 F. Supp. 2d 675 (E.D. Tex. 1999) (stating that when a case has been removed, the 120 days in which to accomplish service of summons under Federal Rule of Civil Procedure 4(m) runs from the day of *removal*, not from the date of filing the original petition); *Hickman v. U.G. Lively*, 897 F. Supp. 955, 959 (S.D. Tex. 1995) (same). Plaintiff's service of Lindsey

within the allowable time under Rule 4(m) is sufficient to demonstrate Plaintiff's intent to pursue her claims against Lindsey individually.

## IV.   CONCLUSION

State Farm has failed to carry its heavy burden of establishing Lindsey was improperly joined. Because the parties are not completely diverse, this Court does not have subject matter jurisdiction over this case. Accordingly, Plaintiff's Motion to Remand is **GRANTED**, and this case is **REMANDED** to the 298th Judicial District Court of Dallas County, Texas for further proceedings.

**SO ORDERED**.

Dated: April 23, 2013.

_____
BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS